UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH H.,<br><br>            Plaintiff,<br>v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 3:24-cv-05134-TLF<br><br>ORDER REVERSING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of the Magistrate Judge. *See* Dkt. 4. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 7, Complaint.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed claims for SSI in December 2020. Administrative Record (AR) 18. Her application was denied at the initial level and on reconsideration. AR 61–88. A hearing was conducted before an ALJ on February 22, 2023. AR 34–60.

The ALJ issued a decision denying benefits on May 10, 2023. AR 15–33. In his written decision, the ALJ found plaintiff had the severe impairments of major depressive

disorder and anxiety. AR 21. The date of alleged onset was found to be December 1, 2020. AR 41.

The ALJ found plaintiff had the residual functional capacity (RFC) to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand and remember detailed, but not complex instructions; can occasionally interact with coworkers and supervisors; and cannot directly interact with the public.

AR 23. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of Commissioner. AR 1–6. Plaintiff appealed to this Court. *See* Dkt. 7 (Complaint).

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.*

Plaintiff argues the ALJ erred in assessing several medical opinions, her subjective symptom testimony, and a lay witness statement.[1]

**A. Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of the medical opinions of Clinical Psychologists David Morgan, PhD, and William Wilkinson, EdD; and state non-examining consultants. Dkt. 16 at 2–6.[2]

Under the 2017 regulations applicable to this case, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

Dr. Morgan opined in November 2020 plaintiff had marked limitations in her abilities to perform activities within a schedule, maintain regular attendance, and be punctual; adapt to changes; ask simple questions or request assistance; communicate and perform effectively in a work setting; maintain appropriate behavior; and complete a normal workday or workweek without interruptions from symptoms. AR 358. Dr.

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated. Dkt. 16 at 13. The Court concludes the ALJ erred in considering that evidence, and the RFC therefore was deficient.

[2] Plaintiff also summarizes other medical evidence and argues the ALJ failed to acknowledge it in considering the opinions of Drs. Morgan and Wilkinson. *See* Dkt. 16 at 4–5. Plaintiff discusses the ALJ's assessment of the opinion of Ngozi Chime, PMHNP (see AR 562-569, Chime's evaluation of 1-22-2022), but states "the ALJ properly found that Ms. Chime's opinion was not persuasive because it was 'not consistent with the objective medical evidence.'" Dkt. 16 at 5–6. Because plaintiff does not challenge the ALJ's determination with respect to this opinion, the Court does not evaluate it here.

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS - 3

Wilkinson opined in March 2023 plaintiff had severe or marked limitations in the same areas, except Dr. Wilkinson opined plaintiff had no or mild limitations in her ability to ask questions or request assistance. Dr. Wilkinson made an over-all rating of plaintiff's work-related limitations as "severe". *See* AR 805-807.

The ALJ found Dr. Morgan's opinion somewhat persuasive, rejecting some of the limitations he opined, and found Dr. Wilkinson's opinion unpersuasive. AR 25. He found both opinions were supported:

> Dr. Morgan supported his opinion by stating the claimant's anxiety and depression cause the above limitations.
> […]
> Dr. Wilkerson supported his opinion by stating that the claimant's limits are caused by marked depressive disorder, generalized anxiety disorder, unspecified anxiety disorder, personality disorders and cannabis use.

*Id.* He found these explanations were "somewhat consistent" (Dr. Morgan) or "not consistent" (Dr. Wilkinson) with objective medical evidence, stating for each opinion that

> [t]he claimant has a history of depression and anxiety. She has attended outpatient treatment and medication management. Records demonstrate that medication is somewhat effective. [AR 562–70, 695–795]. The mental stat[u]s examination was largely normal at the consultative examination, with the record noting the claimant had no difficult with attention or concentration, normal insight, and appropriate orientation. [AR 562–70].

*Id.*

This was an insufficient basis on which to reject the opinions. That plaintiff's medication was somewhat effective is not necessarily inconsistent with evidence she continued to have limitations. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

The ALJ does not explain, nor can the Court discern, how results related to plaintiff's attention, insight, and orientation contradicted limitations opined based on her personality disorder, anxiety, and depression. Further, the ALJ erred in ignoring abnormal notations from treatment notes—showing plaintiff to be depressed, anxious, and have abnormal moods (*see* AR 503–05, 515–60, 707–38)—which detracted from his conclusion that the opinions based on plaintiff's anxiety and depression were not supported by the medical record. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ cannot "cherry-pick" some of a provider's characterizations but, rather, must evaluate a conflict between treatment notes and medical opinions "in context of the overall diagnostic picture the provider draws") (internal quotations omitted).

State non-examining consultants, Drs. Haney and VanHoose, opined plaintiff would have a limitation in her ability to persist through a normal workweek, as well as several other limitations which were largely accounted for in the RFC. *See* AR 66–68, 82–84.[3] The ALJ found the opinions somewhat persuasive, although the RFC did not include a limitation related to persistence. *See* AR 26.

The ALJ cited to the same evidence cited to regarding the opinions of Drs. Morgan and Wilkinson in justifying his determination that Drs. Haney and VanHoose's opinions were somewhat persuasive—treatment that was "somewhat effective" and normal mental status examinations. *Id.* These reasons are unsupported by substantial evidence. A finding that medications were somewhat effective does not, without a bridge to show why this made a difference in plaintiff's abilities or limitations, mean

---

[3] They also opined plaintiff would be unable to perform unskilled work, a limitation the ALJ rejected. AR 26. However, any error with respect to that limitation is harmless because the jobs the ALJ found plaintiff capable of performing at step five all involved only unskilled work. *See* AR 27; *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2017) (finding error harmless where jobs listed at step five withstood error).

ORDER REVERSING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

plaintiff can adequately persist. Moreover, the Court cannot discern how the results cited to were probative as to plaintiff's ability to persist, and thus the results are not reasonably inconsistent with the limitations opined by Drs. Haney and VanHoose.

The ALJ's failure to articulate sufficient reasons for rejecting these opinions was harmful error, as those opinions suggest plaintiff was more limited than found in the RFC. *See Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988).

**B. Subjective Symptom Testimony**

Plaintiff testified she had difficulties being around others resulting from anxiety attacks and has difficulty completing tasks and concentrating due to depression. *See* AR 46–48; 53–54.

After summarizing a few medical records, the ALJ made the following findings regarding plaintiff's subjective testimony:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The claimant has a history of depression and anxiety. She has attended outpatient treatment and medication management. Records demonstrate that medication is somewhat effective. [AR 562–70, 695–795]. The mental stats examination was largely normal at the consultative examination, with the record noting the claimant had no difficult with attention or concentration, normal insight, and appropriate orientation. [AR 562–70]. The record was left open for additional records, and the only records received was a mental examination done after the hearing. There are no records of continued treatment for the claimant. Therefore, I find that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence.

AR 24. This did not satisfy the specific, clear, and convincing standard the ALJ was required to meet in rejecting plaintiff's testimony. *Ghanim v. Colvin,* 763 F.3d 1154,

1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). As discussed, that plaintiff's medication was "somewhat effective" does not contradict her allegations. *See Holohan*, 246 F.3d at 1205.

The ALJ's reliance upon a single examination's results of normal attention, insight, and orientation was not, without further elaboration, substantial evidence to reject her testimony about symptoms of depression and anxiety, particularly given the treatment notes not discussed by the ALJ noting symptoms of depression of anxiety (AR 503–05, 515–60, 707–38). *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must...explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original); *Ghanim*, 763 F.3d at 1162; *Garrison*, 759 F.3d at 1009 (court considers record as a whole in determining whether there is substantial evidence).

Finally, the ALJ erred by discounting plaintiff's testimony for lack of "continued treatment" without considering or eliciting reasons why plaintiff did not pursue further treatment. *See* SSR 16-3p (ALJs may not discount symptom testimony on basis of failure to pursue further treatment "without considering possible reasons he or she may not comply with treatment"); *Eitner v. Saul*, 835 Fed. App'x 932, 933 (9th Cir. 2021) (unpublished opinion) (finding ALJ failed to consider possible reasons a claimant failed to seek treatment where "the ALJ asked Claimant whether he had received any specific treatment for the condition, but the inquiry ended there").

The ALJ's finding is not supported by substantial evidence. The record shows that even though plaintiff had difficulty finding care providers and many times her counselors moved away and she had to find new ones, during the relevant period

plaintiff had counseling and medication for her mental health conditions. AR 695-705 (evaluation in 2022), AR 705, 728, 738, 761, 767-786 (follow-up mental health treatment for anxiety and depression, plaintiff reports being a recluse and has increased symptoms, occasional improvement, continues with counseling, and medication, in 2022 and 2023).

The ALJ failed to adequately assess plaintiff's subjective testimony, requiring reversal.

### C. Lay Witness Testimony

Plaintiff's mother submitted a lay witness statement. AR 250–57 (statement dated 9-2-2021). The ALJ erred by failing to give reasons for discounting this statement. *See Dodrill v. Shalala*, 12 F.3d 915, 920 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").[4]

Defendant argues any error in failing to consider the testimony was harmless because it was duplicative of plaintiff's testimony (*see* Dkt. 18 at 15), but the Court has determined the ALJ did not articulate valid reasons supported by substantial evidence for rejecting such testimony and therefore declines to find the error harmless.

---

[4] Defendant argues the ALJ was not required to articulate germane reasons with respect to the statements under the new regulations governing the evaluation of medical opinion evidence. Dkt. 18 at 14–15. The court disagrees. Those regulations did not remove the requirement, reflected throughout the regulations, that an ALJ consider lay witness statements. *See, e.g.*, 20 C.F.R. § 404.1545(a)(3) ("We will also consider descriptions and observations of your limitations from your impairment(s)...by you, your family, neighbors, friends, or other persons."); 20 C.F.R. § 404.1529(a) ("We will consider any description your...nonmedical sources may provide...."); SSR 96-8p ("The RFC assessment must be based on all of the relevant evidence in the case record, such as: [...] lay evidence[.]"). That requirement is the genesis of the germane reasons standard. *See Dodrill*, 12 F.3d at 919–20 ("Disregard of this evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work.") (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

**D. Remedy**

Plaintiff contends the case should be remanded for an award of benefits. Dkt. 16 at 14. Such a remedy is only appropriate where it is clear from the record that the ALJ would be required to find the claimant disabled if the improperly discredited evidence were accepted as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

Here, the Court finds the record is not free from ambiguities, conflicts, and gaps, and therefore remands for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). *See* 20 C.F.R. § 416.920c(a) (new regulations do not require ALJ to defer or give weight to treating or examining physicians).

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings consistent with this order.

Dated this 5th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge